**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-08605-SVW-KESxDate:  August 14, 2024

Title: RUBEN DIAZ, et al. v. SPECIALIZED LOAN SERVICING LLC, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):ORDER to Show Cause Why Defendant's Motions to Compel Discovery (Dkt. 17-22) Should Not Be Granted as Unopposed

In August 2023, Plaintiffs Ruben and Linda Diaz ("Plaintiffs") filed a civil lawsuit against Defendants Specialized Loan Servicing LLC and Bank of New York Mellon ("Defendants").  Plaintiffs allege that Defendants violated several California Civil Code sections setting forth borrowers' rights in connection with a mortgage loan, failed loan modification process, and foreclosure proceedings.  (Dkt. 1 at 9 (Complaint).)

Defendants removed the lawsuit to federal court.  (Dkt. 1.)  In November 2023, the parties filed a Joint Rule 26(f) Report.  (Dkt. 12.)  The parties agreed to exchange initial disclosures by December 8, 2023.  (Id. at 4.)  The parties anticipated doing written discovery and completing fact discovery by June 15, 2024.  (Id. at 5-6.)  The then-assigned district judge entered a scheduling order specifying that the discovery cutoff date is September 5, 2024.  (Dkt. 13 at 1 (all discovery motions must be heard prior to that date).)  After that district judge retired, the new district judge set the case for trial in January 2025 and did not change the discovery cutoff date.  (Dkt. 16.)

On July 25, 2024, Defendant Specialized Loan Servicing LLC ("SLS") filed six motions to compel discovery and impose sanctions on Plaintiffs, as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-08605-SVW-KESx　　　　　　　　　　　　　　　　Date: August 14, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

| No. | Dkt. | Motion |
|---|---|---|
| 1 | 17 | To compel Ruben Diaz's responses to Requests for Production ("RFPs"), Set 1; for $650 in sanctions |
| 2 | 18 | To compel Linda Diaz's responses to RFPs, Set 1; for $650 in sanctions |
| 3 | 19 | To compel Ruben Diaz's responses to Interrogatories, Set 1; for $650 in sanctions |
| 4 | 20 | To compel Linda Diaz's responses to Interrogatories, Set 1; for $650 in sanctions |
| 5 | 21 | To compel Ruben Diaz's Initial Disclosures; for $650 in sanctions |
| 6 | 22 | To compel Linda Diaz's Initial Disclosures; for $650 in sanctions |

　　　　All of the motions were supported by a legal memorandum (Dkt. 23) and declaration from SLS's attorney, Katherine Figueroa (Dkt. 24). Per Ms. Figueroa, all of the discovery that is the subject of motions 1-4 was served in April 2023. (Dkt. 24 ¶ 3.) Despite sending multiple emails and voicemails, Ms. Figueroa received no responses to the discovery and no initial disclosures from Plaintiffs. (Id. ¶¶ 2, 4-6.) When she attempted to initiate the joint stipulation process under Local Rule 37-1, Plaintiff's counsel did not respond.. (Id. ¶¶ 5-6.)

　　　　Plaintiffs' failure to respond excuses SLS from filing these motions in the form of a joint stipulation. L.R. 37-2.4. When a discovery motion is excused from the joint stipulation process, Local Rules 6-1, 7-9, and 7-10 apply. Id. This process requires 28 days' notice with opposition papers due 21 days before the hearing. L.R. 6-1, 7-9.

　　　　A party that does not intend to oppose a motion may not simply ignore this deadline. Rather, the party must timely file a "written statement that that party will not oppose the motion." L.R. 7-9. Failure to file an opposition may be deemed consent to the Court granting a motion. L.R. 7-12.

　　　　Here, all of the motions were noticed for a hearing on August 27, so oppositions were due on August 6. August 6 has passed and the Court received neither an opposition nor a notice of non-opposition from Plaintiffs. **The Court, therefore, orders the August 27 hearings off calendar and stays SLS's obligation to reply.**

　　　　Instead, Plaintiffs shall respond to this Order to Show Cause ("OSC") by **August 23, 2024**. Plaintiffs shall show cause, if any they have, why the Court should not grant SLS's motions, order Plaintiffs to make initial disclosures and serve responses without objections

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-08605-SVW-KESx                                                                 Date: August 14, 2024
                                                                                                                    Page 3

within ten days, and award $3,900 in sanctions against Plaintiffs and/or their counsel due to (1) Plaintiffs' failure to respond to the written discovery before the due date; (2) Plaintiffs' counsel's failure to communicate with Ms. Figueroa about the discovery and these motions; (3) Plaintiffs' failure to file an opposition or notice of non-opposition; and (4) Plaintiffs' failure to provide initial disclosures, despite agreeing to do so by December 8, 2023.

If Plaintiffs fail to timely respond to this OSC, then the Magistrate Judge will likely not only grant the pending discovery motions, but also recommend that the District Judge impose case-terminating sanctions due to Plaintiffs' failure to participate in the discovery process and failure to follow court orders.  See generally Fed. R. Civ. P. 37(b)(2).

If Plaintiffs no longer wish to pursue this action, they may discharge this OSC by filing a notice of voluntary dismissal signed by all parties who have appeared under Federal Rule of Civil Procedure 41(a)(1)(ii).

                                                                                                Initials of Deputy Clerk jd